# Third District Court of Appeal

## State of Florida

Opinion filed July 28, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-58
Lower Tribunal Nos. 19-241 AP; 12-4398 CC
_____

**United Automobile Insurance Company,**
Appellant,

vs.

**Central Therapy Center, Inc.,**
**a/a/o Pedro Costa,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Lawrence D. King, Judge.

Michael J. Neimand, for appellant.

David B. Pakula, P.A., and David B. Pakula (Pembroke Pines); Corredor & Husseini, P.A., and Maria E. Corredor, for appellee.

Before LOGUE, GORDO and LOBREE, JJ.

GORDO, J.

United Automobile Insurance Co. appeals the trial court's order granting summary judgment and subsequent entry of final judgment. We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A).[1] United argues that the trial court erred in finding that Central Therapy Center, Inc.'s charges were reasonable, and that its treatments were reasonable, related and medically necessary. It contends a genuine issue of fact precluded summary judgment. Because United's affidavits in opposition to summary judgment were sufficient to create genuine issues of material fact, we reverse and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Following a motor vehicle accident, Pedro Costa, the insured, sought treatment at Central Therapy. Costa assigned his benefits to Central Therapy, which submitted bills for Costa's treatments to United Auto. United Auto paid several invoices at 200% of Medicare fee schedules, until a cutoff date[2] after which time it did not pay any more benefits.

---

[1] This case was transferred from the circuit court's appellate division following the January 1, 2021 jurisdictional change. See Ch. 20-61, § 3, Laws of Fla. (amending § 26.012(1), Fla. Stat., and repealing § 924.08, Fla. Stat., to vest jurisdiction over the majority of county court orders and judgments in the district courts of appeal).

[2] This cutoff date was December 30, 2011—the date after which United Auto's expert opined treatment was no longer reasonable, related or medically necessary.

Central Therapy then sued United Auto alleging breach of contract for PIP benefits. United Auto answered, denying that the charges were reasonable, and that the treatment was reasonable, related and necessary. Eventually, Central Therapy filed a motion for summary judgment arguing that the charges were reasonable, and that the treatment was reasonable, related and necessary.

In support of the reasonableness of its charges, Central Therapy filed an affidavit from Dr. Kevin J. Wood. He stated that he considered the usual and customary charges in the community, reimbursement levels in the community, various federal and state medical fee schedules applicable to automobile and insurance reimbursement, and any other relevant information. Based on that, he stated that it was his opinion, within a reasonable degree of medical probability, that the charges for services and treatments rendered "were reasonable and fall within the range of usual and customary charges charged in the community for similar procedures."

In opposition, United filed the affidavit of its adjuster, Denorah Lang. Lang detailed her background, training, and experience that allowed her to "gain[] personal knowledge of monetary reimbursements by Florida P.I.P. insurers and also monetary reimbursements by other entities providing reimbursement for the medical services commonly submitted in connection

3

with P.I.P. claims in the South Florida community." She further stated that in determining reasonableness of charges she looks at the usual and customary charges and payments accepted by the provider, reimbursement levels in the community, and various state and federal fee schedules applicable to automobile and other insurance coverages. Based on that as well as her knowledge of what other PIP insurers reimburse for the same services, she opined that the charges were not reasonable.

As to whether the treatments were reasonable, related and necessary, Central Therapy also relied on the affidavit of Dr. Wood. He stated that he had reviewed the medical records, examination reports, therapy notes and other documents. Based on his education, treating experience and review of the records, he opined that "the examinations, service, and treatment rendered by Central Therapy Center, Inc. and provided to Pedro Costa were all medically necessary." He also opined that the services were related to the automobile accident and that the type and frequency of treatment was within the standard of care.

In opposition, United filed an affidavit from Dr. Randy Schulman. He stated that the patient's medical records demonstrated soft tissue injuries that tend to resolve in four to six weeks. Based on that, it was his opinion that treatment after December 30, 2011, was not reasonable, related or

4

necessary. He also opined that based on the type of injury, several treatments were not reasonable, related or necessary.

As to the treatments, the trial court found that Dr. Wood's affidavit was sufficient to establish a prima facie case, shifting the burden to United Auto to create an issue of fact. The trial court found that Dr. Schulman's affidavit was "pure opinion" and therefore did not consider it. As to reasonableness, the trial court found Central Therapy's affidavit sufficient to establish a prima facie case that the services were reasonable in price. The trial court concluded that Lang's affidavit did not qualify as an expert affidavit because it was not based on sufficient facts or data. Thus, it concluded the opinion was insufficient under Daubert[3] and failed to create a genuine issue of material fact. As a result, the trial court granted summary judgment in favor of Central Therapy and entered final judgment accordingly.

## LEGAL ANALYSIS

The sole issue on appeal is the sufficiency of United Auto's affidavits in opposition to summary judgment. "When considering the legal sufficiency of an affidavit, '[t]he focus is on whether the affidavits show evidence of a nature that would be admissible at trial.'" United Auto. Ins.

---

[3] Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993).

5

Co. v. Progressive Rehab. & Orthopedic Servs., LLC, 2021 WL 3072936, at *2 (Fla. 3d DCA July 21, 2021) (quoting Gonzalez v. Citizens Prop. Ins. Corp., 273 So. 3d 1031, 1036 (Fla. 3d DCA 2019)).

Here, as in Progressive Rehabilitation, the trial court concluded that Lang's affidavit was legally insufficient because her opinions were not based on sufficient facts and data, and that it therefore did not satisfy Daubert. In Progressive Rehabilitation, we held that an insurance adjuster's opinions based on her experience and review of the statutory factors in section 627.736(5)(a) was legally sufficient.[4] Id., at *3. Lang had over 10 years of experience prior to opining on this case and examined the relevant statutory factors in reaching her opinion on reasonableness. Such an opinion is "not a speculative, bare assertion" because it is "based on her education, experience, and her review of various relevant documents." Id.

Lang's affidavit in this case, like the one filed in United Automobile Insurance Company v. Miami Dade County MRI Corporation a/a/o Marta Figueredo, 27 Fla. L. Weekly Supp. 506b (Fla. 11th Cir. App. Ct. July 30, 2019), contained an extensive description of her qualifications that formed

---

[4] In that case, the insurance adjuster had "over twenty years of experience reviewing bills from medical providers in South Florida." Progressive Rehab., 2021 WL 3072936, at *3. She also had knowledge of the Medicare fee schedule and other schedules under which providers in South Florida accepted payment, as well as the CPT codes billed by the provider. Id.

6

the basis for her opinion on reasonableness. That court held the affidavit created a genuine issue of material fact as to the reasonableness of the charges, and that it was an abuse of discretion for the trial court to have excluded Lang's affidavit because it was competent evidence under Daubert.

As this Court recently held, "the Daubert standard does not prohibit . . . expert opinion testimony based on experience." Progressive Rehab., 2021 WL 3072936, at *3. Indeed, the plain text of section 90.702, Florida Statutes, provides that experts may be qualified by "knowledge, skill, experience, training, or education." § 90.702, Fla. Stat.; see also Progressive Rehab., 2021 WL 3072936, at *4. Under Daubert, the expert affidavit must satisfy the reliability inquiry. See Progressive Rehab., 2021 WL 3072936, at *4. Lang's affidavit clearly established her opinion was based on her experience as an adjuster and review of the statutory factors. This experience and knowledge permitted Lang to form a proper expert opinion, and nothing in the record demonstrated that her opinion is unreliable and should be excluded under Daubert. Thus, it was an abuse of discretion to have determined that the affidavit was legally insufficient.

The trial court also excluded Dr. Schulman's affidavit (as to whether the treatments were reasonable, related and necessary), finding that it was

7

pure opinion testimony.  This Court has previously stated that pure opinion testimony is based solely on the expert's experience, without relation to the actual condition of the person in the relevant case.  See, e.g., Perez v. Bell S. Telecomms., Inc., 138 So. 3d 492, 496–97 (Fla. 3d DCA 2014) (identifying several examples of "pure opinion" testimony).  Dr. Schulman specifically alleged that he had reviewed the relevant medical records, treatment notes, claims reports and other documentation in reaching his conclusions.  Based on his training and experience treating similar conditions, in combination with his review of the medical records, he set forth several opinions rebutting Central Therapy's affidavit.  His affidavit was not pure opinion and was sufficient to create a genuine issue of material fact preventing summary judgment.

Based on the foregoing, both affidavits presented by United Auto created a genuine issue of material fact and the trial court erred in granting summary judgment in favor of Central Therapy.

Reversed and remanded.